**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**


LETISIA C. MILLER,

          Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,

          Agency.

DOCKET NUMBER
AT-844E-14-0925-I-1

DATE: July 8, 2015


# THIS ORDER IS NONPRECEDENTIAL[1]

Bradley Ezell, Mobile, Alabama, for the appellant.

Thomas Styer, Washington, D.C., for the agency.


**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member


**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM's) reconsideration decision that denied her request for disability retirement under the Federal Employees' Retirement System (FERS). For the reasons discussed below, we GRANT the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant's petition for review, VACATE the initial decision, and REMAND the appeal to the Atlanta Regional Office for further adjudication in accordance with this Order.

## BACKGROUND

¶2     The appellant, a GS-9 Investigative Analyst, filed an application for disability retirement benefits under FERS based on restrictive lung disease, asthma, severe allergies, muscle and bone weakness, tremors, and depression. Initial Appeal File (IAF), Tab 4 at 23-24.  She also resigned, effective May 10, 2013, due to "serious health issues."  IAF, Tab 6 at 325.  OPM denied the appellant's disability retirement application in initial and reconsideration decisions.  IAF, Tab 4 at 4-7, 11-15.  The appellant filed a Board appeal and requested a hearing.  IAF, Tab 1.  After holding the appellant's requested hearing, Hearing Compact Disc (HCD), the administrative judge issued an initial decision that affirmed OPM's reconsideration decision, *see* IAF, Tab 24, Initial Decision (ID).  The appellant has filed a petition for review, OPM has filed a response, and the appellant has filed a reply.  Petition for Review (PFR) File, Tabs 1, 3-4.  After the record closed on review, the appellant submitted a May 28, 2015 "Fully Favorable" decision from the Social Security Administration (SSA) that awarded her disability insurance benefits and found that she was disabled under the Social Security Act since May 11, 2013.  *See* PFR File, Tab 5.  We construe this submission as a request by the appellant to consider SSA's decision in our analysis of this matter.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶3     The Board may grant a petition for review when there is new and material evidence which, despite due diligence, was not available when the record closed. *See* 5 C.F.R. § 1201.115(d).  The SSA decision was dated after the record closed on review, and it is therefore new evidence.  The Board has held that, while it is not bound by SSA decisions to award social security benefits, it will consider

SSA decisions in adjudicating disability retirement cases where the conditions underlying the applications to OPM and SSA are the same. *Givens v. Office of Personnel Management*, 95 M.S.P.R. 120, ¶ 9 (2003).[2] While not dispositive, an SSA decision awarding social security benefits is material evidence to be considered by the Board and OPM in disability retirement cases. *Id.* (citing *Trevan v. Office of Personnel Management*, 69 F.3d 520 (Fed. Cir. 1995)). Thus, because SSA's "Fully Favorable" decision may change the outcome of this appeal, it also constitutes material evidence. Under these circumstances, we believe remand is appropriate. *See Givens*, 95 M.S.P.R. 120, ¶ 9.

¶4      In the SSA decision, the administrative law judge cited various medical reports as the basis for her award, and most of this evidence is not part of the Board's record below. *See* PFR File, Tab 5. We find that it is in the interest of justice to allow the appellant to submit the medical documentation considered by SSA to the Board's administrative judge on remand for consideration in determining whether she met the requisite burden for establishing her entitlement to disability retirement benefits. *See Givens*, 95 M.S.P.R. 120, ¶ 9; *see also Simpkins v. Office of Personnel Management*, 113 M.S.P.R. 411, ¶ 10 (2010) (remanding the disability retirement appeal for the administrative judge to consider the Department of Veterans Affairs' Rating Decision, which was new evidence and was based on the same medical condition as in the appellant's disability retirement application).

---

[2] The SSA decision discusses the appellant's Parkinson's disease, restrictive lung disease, bronchial asthma, and depression. *See* PFR File, Tab 5 at 6-9. In her disability retirement application, the appellant references muscle and bone weakness and tremors, but she does not mention Parkinson's disease. *See* IAF, Tab 4 at 23-24. It appears, however, that the appellant was not diagnosed with Parkinson's disease until October 2014. *See* PFR File, Tab 5 at 7. Based on this evidence, we conclude that there are sufficient similarities between the appellant's disability retirement application and the SSA matter to find that the underlying conditions are the same.

**ORDER**

For the reasons discussed above, we VACATE the initial decision and REMAND this case to the Atlanta Regional Office for further adjudication in accordance with this Order.  On remand, the administrative judge shall afford the parties an opportunity to submit evidence and argument, including a supplemental hearing if necessary, on the effect in this appeal of the appellant's receipt of SSA disability benefits, along with any other evidence of disability provided to the SSA.  After considering any additional evidence and argument, the administrative judge shall issue a new initial decision consistent with this Remand Order.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.